**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0874n.06

No. 13-5284

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 07, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHERI M. GAULT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| COMMISSIONER OF SOCIAL SECURITY | ) | COURT FOR THE EASTERN |
| ADMINISTRATION, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: KEITH, GUY, and GIBBONS, Circuit Judges.

PER CURIAM. Cheri M. Gault appeals the district court's judgment affirming the denial of her applications for disability insurance benefits and supplemental security income benefits.

Gault filed applications for disability insurance benefits and supplemental security income benefits, alleging that she became disabled on May 1, 1982. After the Social Security Administration denied the applications, Gault requested a hearing before an administrative law judge (ALJ). The ALJ determined that Gault was not disabled. The Appeals Council remanded the case for further consideration. Following a supplemental hearing, the ALJ again determined that Gault was not disabled. The Appeals Council declined to review the case. The district court affirmed the ALJ's decision.

On appeal, Gault argues that the ALJ erred when he concluded that his findings concerning Gault's mental impairments were consistent with the medical opinion of Dr. Tracy Allred. In Gault's view, Allred's conclusion that Gault had "significant" mental limitations supported a finding of disability, while the ALJ used Allred's opinion to determine that Gault did not have marked mental limitations and was not disabled.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.* Where, as here, there is no treating source opinion that is given controlling weight, an ALJ must consider what weight to afford each medical opinion based on factors such as the nature and extent of the relationship between the medical source and claimant, the specialization of the medical source, the supportability of the opinion, and the consistency of the opinion with the record as a whole. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

The record reflects that the ALJ gave appropriate consideration to Allred's opinion. The ALJ correctly noted Allred's conclusion that Gault had moderate limitations in her ability to understand and remember and significant limitations in her ability to sustain concentration and persistence, interact socially, and adapt to stress. Although the ALJ did not specifically address whether he construed Allred's reference to "significant" limitations to mean "marked" limitations, *see* 20 C.F.R.

pt. 404, subpt. P, app. 1, § 12.00(C), he explicitly rejected the conclusion that Gault had marked

mental limitations on the basis that it conflicted with her benign clinical examinations, conservative

course of treatment, and daily activities. Thus, viewed in context, the ALJ adequately explained that

he accepted Allred's opinion that Gault had some mental limitations, but rejected that those

limitations were disabling.

  Accordingly, we affirm the district court's judgment.